**<u>EXHIBIT "A"</u>**

SUMMONS                        SC-85-1                        Clyde Castleberry Co., Covington, GA. 30015

## IN THE SUPERIOR/STATE COURT OF ___Henry___ COUNTY

## STATE OF GEORGIA

_Fredrick Perenich_        CIVIL ACTION
NUMBER _11-CV-4353BA_

_____

                     **PLAINTIFF**

        VS.

_ATS Auto Tail of_
_Fayetkuille Inc &_
_Michael Hall_

              **DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: _ATS Auto Tail of Fayetkuille, Inc_

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

     _Stephen Mixon_
     _Miller & Mixon, LLC_
     _108 Fellowship Mill Rd_
     _Jonesboro GA 30236_

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___11___ day of ___NOV___, 20 _11_.

                   Clerk of Superior/State Court

                  BY _Barbara A Harrison_

                           Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SHERIFF'S ENTRY OF SERVICE | SC-85-2

Civil Action No. _____ II-CV-4353BH _____

Date Filed _____ 11-11-11 _____

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, _____ Henry _____ COUNTY

# Millar & Mixon, LLC

Attorney for _Plaintiff_

# Attorneys At Law
# 108 Williamson Mill Rd.
# Jonesboro, GA 30236

_____ Deloris Pittman _____ **Plaintiff**

VS.

Name and Address of Party to be Served.

Georgia Corporate Service Inc. _____ Nissan-Infiniti LT d/b/a Nissan _____

Registered Agent MC ... Corp. of Franklin _____ **Defendant**

117 Jonesboro, Mcdonough, GA

_____//////////_____ **Garnishee**

## SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

NOTORIOUS

☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

TACK & MAIL — CORPORATION

☒ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ H. Lee _____ in charge of the office and place of doing business of said Corporation in this County.

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 _____.

_____
**DEPUTY**

SHERIFF DOCKET_____ PAGE _____

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

PATRICK PEARSON, Individually And On   :
Behalf Of All Others Similarly Situated,   :
  :   CIVIL ACTION FILE NO.
      Plaintiff,   :   11-CV-4353BA
  :
      v.   :
  :   FILED IN OFFICE
M & S AUTO PARTS OF FAYETTEVILLE,   :   HENRY COUNTY
INC., and MICHAEL BELL,   :   JURY TRIAL DEMANDEDPERIOR COURT
  :
      Defendants.   :   NOV 11 2011   8:05

*Barbara A. Harrison*
CLERK OF SUPERIOR COURT

## COMPLAINT

COME NOW Plaintiff, by and through his attorney, and asserts his claims under the Fair

Labor Standards Act ("FLSA") for overtime compensation and other relief, on the grounds set

forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Defendant M & S Auto Parts of Fayetteville, Inc.

has its registered agent for service in Henry County.

## PARTIES

3.

Plaintiff Patrick Pearson ("Pearson") is a former employee of Defendants, having been

employed from approximately 1991 through approximately August, 2011 in the capacity of a

laborer.

- 1 -

4.

Defendant M & S Auto Parts of Fayetteville, Inc. ("M & S") is a Georgia corporation and is licensed to do business in the State of Georgia. Defendant M & S may be served with process via service on its registered agent, Georgia Corporate Services, Inc., at 114 Jonesboro Street, McDonough, Georgia 30253.

5.

Defendant Michael B. Bell ("Bell") is the Chief Executive Officer and Chief Financial Officer of Defendant M & S. Bell may be served with process via personal service on him at his business address of 155 Roberts Road, Fayetteville, Georgia 30214.

6.

Plaintiff brings this action on behalf of himself and all other similarly situated present and former employees of Defendants who consent to the representation, pursuant to 29 U.S.C. § 216(b). Plaintiff's Consent to Become a Party Plaintiff in FLSA Action is incorporated herein as Exhibit "A".

7.

Both Defendants are employers within the meaning of the FLSA, 29 U.S.C. § 203(d) as both were acting directly or indirectly in the interest of Defendants in their interactions with Plaintiff and the class he represents, and controlled the terms and conditions of employment of Plaintiff and the class he represents on a day to day basis.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFF AND THE CLASS HE REPRESENTS

8.

This action is brought by a former employee of Defendants on behalf of all current and

- 2 -

former employees who were paid by the hour, for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA"), based upon Defendants' common policy of failing to properly compensate them for overtime worked and earned.

9.

Plaintiff and the class he represents were employees engaged in commerce and were employed by an enterprise engaged in commerce, i.e. working in an auto parts seller and/or recycling facility performing manual work.

10.

Defendant M&S was primarily engaged in selling auto parts to the public.

11.

Defendant M&S was not primarily engaged in selling automobiles directly to the public.

12.

Defendant M & S would sell automobiles to a separate company, M & S Auto Sales, Inc. which in turn would sell the automobiles to the ultimate purchaser in the general public.

13.

Plaintiff's work period and that of each member of the class he represents consisted of a seven day calendar week.

14.

Plaintiff and the class he represents were paid by Defendant M&S on an hourly basis.

15.

Plaintiff and each member of the class he represents were not guaranteed at least $455.00 per week in wages and the amount of their weekly wages fluctuated below $455.00 per week depending on the number of hours he worked that week.

16.

All of Plaintiff's pay stubs and those of the class he represents reflect that Plaintiff and the class members were paid by the hour and were not salaried employees.

17.

Throughout Plaintiff's employment with Defendants, and that of each member of the class he represents, each routinely worked in excess of forty (40) hours per week.

18.

Defendants do not claim that Plaintiff was subject to any exemption from the overtime pay requirements of the FLSA and admit that Plaintiff was entitled to be paid 1.5 times his regular hourly rate of pay for each hour he worked in excess of forty in any given work period.

19.

Throughout Plaintiff's employment with Defendants, and that of each member of the class he represents, each was required by Defendants to attend a morning meeting at 7:30 a.m. However, Defendants routinely forged time records for Plaintiff and the class he represents to reflect that they did not appear for work until after the morning meeting had ended.

20.

Throughout Plaintiff's employment with Defendants, and that of each member of the class he represents, Defendants have altered their time cards to reflect that Plaintiff and each member of the class he represents worked less hours than they actually worked. With respect to these work hours which Defendants deleted from Plaintiff's time cards and those of each member of the class he represents, Plaintiff and the class members received no pay whatsoever.

21.

Throughout Plaintiffs' employment, and that of each member of the class he represents,

- 4 -

each worked through their half hour lunch period and were not relieved of duties while eating. However, Defendants did not pay Plaintiff or the class members for the half hour lunch period.

22.

Defendants have failed to keep accurate records of the hours worked by Plaintiff and of the class members he represents, as required by the FLSA.

23.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

24.

.Plaintiff and each member of the class he represents were required to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in any given pay period.

25.

Defendants were joint employers of Plaintiff and of the class he represents, as both controlled the terms and conditions of Plaintiff's and the class members' employment.

26.

Defendants knew or should have known that the FLSA applied to Plaintiff and the class he represents.

27.

In failing or refusing to pay Plaintiff and the class he represents overtime as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff and/or the class members were not entitled to overtime.

28.

Defendants have refused to adequately compensate Plaintiff and the class he represents for work in excess of forty hours per pay period, at the rates required by law, and have willfully refused to rectify the situation.

29.

Defendants' conduct constitute willful violations of § 207 of the FLSA, entitling Plaintiff and the class he represents to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

30.

Defendants are liable to Plaintiff and to each member of the class he represents for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

## COUNT ONE: VIOLATION OF 29 U.S.C. SECTION 207- OVERTIME VIOLATIONS

31.

Paragraphs 1 through 30 are incorporated herein by this reference.

32.

Defendants' failure to compensate Plaintiff for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of Sections 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation from the beginning of his employment in approximately September, 2007 through the end of his employment, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and

expenses of litigation, pursuant to 29 U.S.C. § 216.

33.

Defendants' failure to compensate the class Plaintiff represents for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for each member of the class who joins this collective action for three years prior to the date such class member joins this action to the date of judgment, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff requests that this Court:

(a)     take jurisdiction of this matter;

(b)     permit this case to proceed as an FLSA class action under 29 U.S.C. §216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

( c)    issue an Order holding each Defendant to be an "employer" as that term is defined under the FLSA;

(d)     grant a trial by jury as to all matters properly triable to a jury;

(e)     issue a judgment declaring that Plaintiff and the class he seeks to  represent were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(f)     award Plaintiff payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the

regular rate, and liquidated damages equaling 100% of overtime due Plaintiff, as required by the FLSA;

(g)     award each member of the class Plaintiff represents payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(h)     award Plaintiff and each member of the class he represents prejudgment interest on all amounts owed;

(i)     award each Plaintiff and each member of the class he represents their reasonable attorney's fees and costs;

(j)     issue preliminary and permanent injunctions directing the Defendants to comply with the provisions of the FLSA and preventing Defendants from reducing the pay of any member of the class to offset Defendants' overtime liability;

(k)     award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 10th day of November, 2011.

_____
J. Stephen Mixon
Attorney for Plaintiff
Georgia Bar No. 514050

**MILLAR & MIXON, LLC**
108 Williamson Mill Road
Jonesboro, Georgia 30236
Phone: (770) 955-0100
Fax: (678) 699.2037
Email: steve@mixon-law.com

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

PATRICK PEARSON, Individually And On    :
Behalf Of All Others Similarly Situated,    :
                                      :        **CIVIL ACTION FILE NO.**
    Plaintiff,                  :        11-CV-4353BA
                                       :
    v.                         :
                                       :
M &S AUTO PARTS OF FAYETTEVILLE,    :
INC., and MICHAEL BELL,             :     **JURY TRIAL DEMANDED**
                                       :
    Defendants.             :

*FILED IN OFFICE*
*HENRY COUNTY*
*SUPERIOR COURT*
*NOV 11 2011  8:05*

*Barbara A. Harrison*
*CLERK OF SUPERIOR COURT*

### CONSENT TO SERVE AS A
### PLAINTIFF REPRESENTATIVE UNDER THE
### FAIR LABOR STANDARDS ACT (29 U.S.C. §201, ET SEQ.)

    I, Patrick Pearson, a former employee of M&S Auto Parts of Fayetteville, Inc., and Michael

Bell, consent to serve as a Plaintiff and Class Representative in the above-referenced action and

to represent the interests of the class members with respect to all cognizable claims for overtime

compensation and any other benefits available under the Fair Labor Standards Act and other

applicable laws, in accordance with a confidential retainer agreement executed by the

undersigned for such purpose.

    This 10th day of November, 2011.

                           _____
                           Patrick Pearson

**<u>EXHIBIT "B"</u>**

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

PATRICK PEARSON, Individually and   :
On behalf of all others similarly situated,   :
                             :
    **Plaintiff,**   :
                             :
**v.**   :      **Civil Action No. 10-CV-245A**
                             :
**M & S AUTO PARTS OF**   :
**FAYETTEVILLE, INC. and**   :
**MICHAEL BELL,**   :
                             :
    **Defendants.**   :

## ANSWER

COME NOW M & S Auto Parts of Fayetteville, Inc. ("M&S") and Michael Bell ("Bell"),

Defendants, by and through their counsel of record, and file this Answer to Plaintiff's Complaint

for claims under the Fair Labor Standards Act ("FLSA") and show the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has been paid all sums due and owing him.

### THIRD DEFENSE

The Plaintiff is not similarly situated with other employees, past or present, of M&S.

### FOURTH DEFENSE

This Court lacks subject matter and *in personam* jurisdiction over Bell.

### FIFTH DEFENSE

The Defendant did not violate the Fair Labor Standards Act ("FLSA") in a reckless or

willful manner.

## SIXTH DEFENSE

The Defendants acted in good faith pursuant to 29 U.S.C. § 260.

## SEVENTH DEFENSE

The Defendants acted in good faith pursuant to 29 U.S.C. § 259.

## EIGHTH DEFENSE

To the extent the Plaintiff purports to bring a collective action, he is barred from doing so unless he demonstrates a liability finding.

## NINTH DEFENSE

Bell does not meet the definition of an employer under the FLSA.

## TENTH DEFENSE

Plaintiff's claims are barred by the de minimus exception.

## ELEVENTH DEFENSE

Plaintiff is exempt from the overtime pay requirements under 29 U.S.C. §§ 207 and 213(10)(A).

## TWELVETH DEFENSE

The Defendants answer the numbered paragraphs of Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.

Defendants admit that an action under the FLSA may be maintained in the State Court of competent jurisdiction but deny that the Plaintiff has a valid claim under the FLSA.   Therefore, jurisdiction is not proper.

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.

Defendants admit that Plaintiff Patrick Pearson ("Pearson") was employed by M&S. Pearson has been employed by M&S on and off since 1994. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint. By way of further response, Defendants state that the document attached to Plaintiff's Complaint as Exhibit "A" speaks for itself.

7.

Defendants deny the allegation contained in Paragraph 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFF AND THE CLASS HE REPRESENTS

8.

Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

3

9.

Defendants admit that the Plaintiff worked for M&S which is an auto parts seller and recycling facility.   Defendants deny the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants admit that M&S was engaged in selling auto parts to the public.  Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants admit that M&S was engaged in selling automobiles to the public. Defendants deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendants admit that M&S sold automobiles to M&S Auto Sales, Inc.  Defendants deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.  By way of further response, M&S is only open six (6) days a week.

14.

Defendants admit that the Plaintiff was paid on an hourly basis.  By way of further response, Defendants state that Plaintiff has been paid both hourly and salary at various times during his employment.   Defendants deny the remaining allegations of Paragraph 14 of Plaintiff's Complaint.

4

15.

Defendants admit that the Plaintiff was not guaranteed at least $455.00 per week in wages and that the amount of his weekly wages fluctuated below $455.00 per week depending upon the number of hours he worked that week.  Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Plaintiff's pay stubs reflect that he was paid both hourly and salary at various times during his employment.  Defendants deny the remaining allegations of the Paragraph 16 of Plaintiff's Complaint.

17.

Defendants admit that some weeks the Plaintiff worked in excess of forty (4) hours. Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.  By way of further response, Defendants state that Plaintiff received 1.5 times his regular hourly rate of pay for time worked in excess of forty (40) hours in a given week.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.  By way of further answer, the Defendants show that the Plaintiff was properly compensated under the FLSA.

25.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

26.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint. By way of further response, Defendants show that the Plaintiff was paid appropriate compensation as required by the FLSA.

28.

Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint. By way of further response, Defendants show that the Plaintiff was paid appropriate compensation as required by the FLSA.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

6

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207 - OVERTIME VIOLATIONS

31.

Defendants adopt, re-plead, and incorporate herein verbatim their Affirmative Defenses and the averments contained in Paragraphs 1 through 30 hereinabove.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

WHEREFORE, the Defendants pray for the following relief:

(a)     that the Court dismiss all claims against both Defendants with prejudice;

(b)     that all relief sought in Plaintiff's Complaint be denied;

(c)     for trial by jury;  and

(d)     for such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 8th day of December, 2011.

STONE & BAXTER, LLP
By:

Christopher W. Terry
Georgia Bar No. 702484
Ward Stone, Jr.
Georgia Bar No. 684630

Fickling & Company Building
577 Mulberry Street, Suite 800
Macon, GA 31201
(478) 750-9898
(478) 750-9899 *facsimile*
*cterry@stoneandbaxter.com*

Counsel for Defendants M&S Auto Parts
of Fayetteville, Inc. and Michael Bell

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

PATRICK PEARSON, Individually and     :
On behalf of all others similarly situated,     :
                                      :
        **Plaintiff,**                :
                                        :
**v.**                                      :        **Civil Action No. 10-CV-245A**
                                        :
**M & S AUTO PARTS OF**        :
**FAYETTEVILLE, INC. and**       :
**MICHAEL BELL,**                :
                                        :
        **Defendants.**            :
                                        :

## CERTIFICATE OF SERVICE

       This is to certify that I have this day served the foregoing *ANSWER* by depositing same in

the United States Mail with proper postage affixed thereon to insure delivery addressed to:

J. Stephen Mixon, Esq.
Millar & Mixon, LLC
108 Williamson Mill Road
Jonesboro, Georgia 30236
*steve@mixon-law.com*

       Respectfully submitted, this 8th day of December, 2011.

Christopher W. Terry
Georgia Bar No. 702484

Fickling & Company Building
577 Mulberry Street, Suite 800
Macon, GA 31201
(478) 750-9898
(478) 750-9899 *facsimile*
*cterry@stoneandbaxter.com*

Counsel for Defendants M&S Auto Parts
of Fayetteville, Inc. and Michael Bell

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **PATRICK PEARSON, Individually and** | ) |
| **On Behalf of All Others Similarly Situated,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action File No.:  11-CV-4353BA** |
| | ) |
| **M&S AUTO PARTS OF FAYETTEVILLE,** | ) |
| **INC., and MICHAEL BELL,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL
## IN SUPERIOR COURT

To:    Clerk, State Court of Henry County

**YOU ARE HEREBY** notified that the Defendants, M&S AUTO PARTS OF

FAYETTEVILLE, INC., and MICHAEL BELL, have filed a Notice of Removal of this case to the

United States District Court for the Northern District of Georgia, Atlanta Division, together with a

filing fee and a copy of all process and pleadings served upon said Defendants in said case.  A copy

of said notice is included herewith as Exhibit "1."

This _12_ day of December, 2011.

**HALL, BOOTH, SMITH & SLOVER, P.C.**


Donald W. Benson
Georgia Bar No.: 052350
*Attorneys for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
Phone:  (404) 954-5000

50417358-1
9999-0001

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| PATRICK PEARSON, Individually and<br>On Behalf of All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No.:  11-CV-4353BA |
| | ) | |
| M&S AUTO PARTS OF FAYETTEVILLE,<br>INC., and MICHAEL BELL, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on the _12th_ day of December, 2011, a true and correct copy of the

**NOTICE OF REMOVAL** was served via United States Mail, proper postage affixed, addressed as

follows:

> **J. Stephen Nixon, Esq.**
> **Millar & Mixon, LLC**
> **108 Williamson Mill Road**
> **Jonesboro, GA  30236**

> **HALL, BOOTH, SMITH & SLOVER, P.C.**

Donald W. Benson
Georgia Bar No.:  052350
*Attorneys for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
Phone:  (404) 954-5000